## No. 25-1465

## IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

SARA DOBBINS,

APPELLANT,

V.

BROOKE L. ROLLINS, SECRETARY OF AGRICULTURE,

APPELLEE.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION

BEFORE THE HONORABLE LAJUANA M. COUNTS, U.S. MAGISTRATE JUDGE

# BRIEF FOR APPELLEE BROOKE L. ROLLINS, SECRETARY OF AGRICULTURE

R. MATTHEW PRICE
UNITED STATES ATTORNEY

JEFFREY P. RAY
FIRST ASST. U.S. ATTORNEY/CIVIL CHIEF

UNITED STATES ATTORNEY'S OFFICE FOR THE WESTERN DISTRICT OF MISSOURI

CHARLES E. WHITTAKER COURTHOUSE
400 EAST NINTH STREET, SUITE 5510
KANSAS CITY, MO 64106-2149

ATTORNEYS FOR APPELLEE BROOKE L. ROLLINS, SECRETARY OF AGRICULTURE

# I. Summary of the case

Appellant herein and plaintiff below, Sara Dobbins ("Dobbins"), seeks damages based on allegations that she was subjected to discrimination/retaliation and a wrongful discharge while working for a component of the U.S. Department of Agriculture ("USDA"). The district court below,[1] in an unreported decision,[2] granted the USDA's summary judgment motion on all issues, finding that Dobbins had failed to exhaust and/or abandoned most of her claims of discrimination, retaliation, failure to accommodate, and wrongful discharge. With regard to the remaining claims, the district court concluded that Dobbins failed to establish: (1) *prima facie* cases of disparate treatment, and that (2) the conduct of which she complained was sufficiently severe so as to show a hostile work environment. Dobbins appeals the final judgment entered based on the district court's rulings.

This appeal does not present unusual or unresolved issues regarding federal employment discrimination law. Moreover, this appeal does not involve a substantive matter of first impression in this Circuit, nor raise significant legal matters wherein there is a split of authority among the federal Circuits. As such, the USDA is prepared to waive oral argument from the parties.

---

[1]     The Honorable Lajuana M. Counts, U.S. Magistrate Judge, United States District Court for the Western District of Missouri (by parties' consent).

[2]     *Dobbins v. Vilsack*, No. 23-00632-CV-W-LMC, 2025 WL 36178, slip op. (W.D. Mo. Jan. 6, 2025).

i

Appellate Case: 25-1465     Page: 2     Date Filed: 12/15/2025 Entry ID: 5588190

# II. Table of contents

Page

I. Summary of the case..................................................................................i

II. Table of contents.................................................................................. ii

III. Table of authorities ...............................................................................v

IV. Jurisdictional statement .........................................................................1

V. Statement of the issues..........................................................................3

VI. Statement of the case .............................................................................5

    A. Facts.............................................................................................5

    B. Procedural history and relevant rulings.................................10

VII. Summary of the argument ...................................................................13

VIII. Argument .............................................................................................15

    A. Standard of appellate review for Rule 56 motions..............15

    B. The district court ruled properly and did not err in granting the USDA's motion for summary judgment.............................................16

        1. The district court ruled properly and did not err in entering summary judgment in favor of the USDA on Dobbins' claims of disparate treatment asserted in Count I of her COMPLAINT in that:

            a. The summary judgment record fails to establish *prima facie* cases of discrimination...............................16

            b. Alternatively, the summary judgment records fails to establish a trialworthy issue of pretext.......................20

Appellate Case: 25-1465    Page: 3    Date Filed: 12/15/2025 Entry ID: 5588190

# II. Table of contents

Page

2. The district court ruled properly and did not err in entering summary judgment in favor of the USDA on Dobbins' claim of a hostile work environment set out in Count II of her COMPLAINT in that Dobbins failed to establish a causal connection and failed to establish that her allegations of harassment were objectively severe..........................................23

3. The district court ruled properly and did not err in entering summary judgment in favor of the USDA on Dobbins' claim of retaliation asserted in Count III of her COMPLAINT in that:

    a. Dobbins abandoned any retaliation before the district court....................................................................28

    b. Alternatively, the summary judgment record does not establish a legally viable claim of retaliation under *McDonnell Douglas*..............................................30

4. The district court ruled properly and did not err in entering summary judgment in favor of the USDA on Dobbins' claim of wrongful discharge asserted in Count IV of her COMPLAINT in that:

    a. Dobbins failed to plead an exhausted or non-abandoned for any wrongful discharge claim ...............35

    b. Alternatively, the summary judgment record does not establish a legally viable claim of wrongful discharge that survives summary judgment under *McDonnell Douglas*..............................................37

5. The district court ruled properly and did not err in entering summary judgment in favor of the USDA on Dobbins' claim of failure-to-accommodate asserted in Count V of her COMPLAINT in that Dobbins failed to exhaust administrative remedies for such claim ..................................38

Appellate Case: 25-1465   Page: 4   Date Filed: 12/15/2025 Entry ID: 5588190

## II.   Table of contents

Page

IX.   Conclusion ............................................................................................40

X.   Certificate of compliance.................................................................41

XI.   Certification of electronic filing of the BRIEF FOR APPELLEE.......................42

XII.   Certification of mailing of paper copies of the BRIEF FOR APPELLEE ..........43

iv

Appellate Case: 25-1465     Page: 5     Date Filed: 12/15/2025 Entry ID: 5588190

# III.  Table of authorities

## A.  Cases

Page(s)

*Anda v. Wickes Furniture Co.*, 517 F.3d 526 (8th Cir. 2008) ................................26

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986) ................15

*Arraleh v. County of Ramsey*, 461 F.3d 967 (8th Cir. 2006) .................................27

*Blomker v. Jewell*, 831 F.3d 1051 (8th Cir. 2016) ..................................................26

*Brower v. Runyon*, 178 F.3d 1002 (8th Cir. 1999) .................................................32

*Brown v. Conagra Brands, Inc.*, 131 F.4th 624 (8th Cir. 2025) ...................... 32-33

*Buettner v. Arch Coal Sales, Inc.*, 216 F.3d 707 (8th Cir. 2000) ..........................22

*Carpenter v. Con-Way Cent. Express, Inc.*, 481 F.3d 611 (8th Cir. 2007) ............27

*Cole v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 533 F.3d 932 (8th Cir. 2008) ..............................................30

*Cont'l Res., Inc. v. N. Dakota Bd. of Univ. & Sch. Lands,* 136 F.4th 778 (8th Cir. 2025) ..............................................................15 n.10

*Denn v. CSL Plasma, Inc.*, 816 F.3d 1027 (8th Cir. 2016) ....................................15

*Erenberg v. Methodist Hosp.*, 357 F.3d 787 (8th Cir. 2004) ........................23 n.17

*Evans v. Coop. Response Ctr., Inc.*, 996 F.3d 539 (8th Cir. 2021) ........................20

*Fanning v. Potter*, 614 F.3d 845 (8th Cir. 2010) ..........................................35 n.20

*Floyd v. State of Mo. Dept. of Soc. Servs., Div. of Family Servs.,* 188 F.3d 932 (8th Cir. 1999) ..........................................................20 n.14

*Guimaraes v. SuperValu, Inc.*, 674 F.3d 962 (8th Cir. 2012) ........................21 n.15

Appellate Case: 25-1465     Page: 6     Date Filed: 12/15/2025 Entry ID: 5588190

## A. Cases
## (*continued*)

Page(s)

*Heisler v. Nationwide Mut. Ins. Co.*, 931 F.3d 786 (8th Cir. 2019) .......................17

*Hunter v. United Parcel Serv., Inc.*, 697 F.3d 697 (8th Cir. 2012) .......................34

*Jacam Chem. Co., 2013, LLC v. Shepard*, 101 F.4th 954
(8th Cir. 2024) ........................................................ 3, 17 n.12, 23 n.16, 30

*Jackman v. Fifth Jud. Dist. Dept. of Corr. Servs.*, 728 F.3d 800
(8th Cir. 2013) ...............................................................................3, 27

*Kampas v. City of St. Louis, Missouri*, 157 F.4th 937 (8th Cir. 2025) .............12 n.8

*Lacroix v. Sears, Roebuck, and Co.*, 240 F.3d 688 (8th Cir. 2001) ...............21 n.15

*Larry v. Potter*, 424 F.3d 849 (8th Cir. 2005) ....................................................3, 20

*Liles v. C.S. McCrossan, Inc.*, 851 F.3d 810 (8th Cir. 2017) .................................26

*Lors v. Dean,* 595 F.3d 831 (8th Cir. 2010) ...........................................................21

*Mahler v. First Dakota Title Ltd. P'ship*, 931 F.3d 799 (8th Cir. 2019) ................24

*Martinez-Medina v. Rollins*, 144 F.4th 1091 (8th Cir. 2025) .................................31

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817 (1973) .....*passim*

*McNary v. Schreiber Foods, Inc.,* 535 F.3d 765 (8th Cir. 2008) .................3, 21, 22

*Michael v. Trevena*, 899 F.3d 528 (8th Cir. 2018) .................................................15

*Millard Gutter Co. v. Cont'l Cas. Co.*, 9 F.4th 711 (8th Cir. 2021) .......................25

*Milligan v. City of Red Oak, Iowa*, 230 F.3d 355
(8th Cir. 2000) .................................................................17 n.12, 23 n.16

Appellate Case: 25-1465     Page: 7     Date Filed: 12/15/2025 Entry ID: 5588190

Page(s)

*Nelson v. Lake Elmo Bank*, 75 F.4th 932 (8th Cir. 2023) ..............................20 n.14

*Palesch v. Missouri Comm'n on Hum. Rts.*, 233 F.3d 560 (8th Cir. 2000) .......3, 24

*Parker v. United States Dept. of Agric.*, 129 F.4th 1104 (8th Cir. 2025) ..............33

*Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894 (8th Cir. 2024) ............35, 36

*Schottel v. Nebraska State Coll. Sys.*, 42 F.4th 976 (8th Cir. 2022) ......................34

*Sellers v. Deere & Co.*, 791 F.3d 938 (8th Cir. 2015) .......................................4, 39

*Slayden v. Ctr. for Behav. Med.*, 53 F.4th 464 (8th Cir. 2022) ..................4, 35 n.20

*Smith v. Golden China of Red Wing, Inc.*, 987 F.3d 1205 (8th Cir. 2021) ............25

*Torgerson v. City of Rochester*, 643 F.3d 1031
    (8th Cir. 2011) (*en banc*) ...............................................................15 n.9, 22

*Wagner v. Scheirer*, 2025 WL 502139, slip op. (8th Cir. Feb. 14, 2025) ..............33

*Warren v. Nucor Corp.*, 150 F.4th 990 (8th Cir. 2025) .........................................15

*Weisman v. Barnes Jewish Hosp.*, 139 F.4th 945 (8th Cir. 2025) .................30 n.19

*Winters v. Deere & Co.*, 63 F.4th 685 (8th Cir. 2023) ...........................................16

*Yelder v. Hegseth*, 151 F.4th 943 (8th Cir. 2025).....................................................18

Appellate Case: 25-1465     Page: 8     Date Filed: 12/15/2025 Entry ID: 5588190

## B. Statutes and other authorities

Page(s)

8TH CIR. R. APP. P. 28A ...................................................... 1 n.3, 41, 42, 43, 43 n.22

28 U.S.C. § 1291 ...................................................................................................2

28 U.S.C. § 1294 ...................................................................................................2

28 U.S.C. § 2017 ...................................................................................................2

29 U.S.C. § 794a ................................................................................................1 n.4

29 U.S.C. §§ 701, *et seq.* ..................................................................................1

29 U.S.C. §§ 2601, *et seq.* ..............................................................................1

42 U.S.C. §§ 2000e, *et seq.* ............................................................................1

42 U.S.C.§ 2000e-16 .......................................................................................1 n.4

FED. R. APP. P. 4 ...................................................................................................2

FED. R. APP. P. 25 .............................................................................................. 43

FED. R. APP. P. 28 ..............................................................................................41

FED. R. APP. P. 32 .........................................................................................41 n.21

FED. R. APP. P. 43 ...........................................................................................1 n.4

FED. R. CIV. P. 25 ............................................................................................1n.3

FED. R. CIV. P. 56 .......................................................................................*passim*

Appellate Case: 25-1465    Page: 9    Date Filed: 12/15/2025 Entry ID: 5588190

# IV. Jurisdictional statement

On September 11, 2023, Dobbins initiated this federal court action by filing a COMPLAINT AND JURY DEMAND alleging employment discrimination, retaliation, failure-to-accommodate, and wrongful discharge pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*, as well as retaliation and interference-with-rights under the Family Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"). App[I], at 1-16, R.Doc. 1, at 1-16.[3] Dobbins' COMPLAINT named as the lone defendant Thomas J. Vilsack, in his then official capacity as the Secretary of the United States Department of the Agriculture[4] ("USDA"). App[I], at 1, 2, R.Doc. 1, at 1, 2.

---

[3]    Citations to documents appearing in both the district court's CM/ECF docket and the consecutively paginated three volumes of the APPENDIX filed with the Court by Dobbins are referenced with parallel citations to both sources (*e.g.*, "App[—], at —, R.Doc. —, at —"). 8TH CIR. R. APP. P. 28A(j).

[4]    At the time the case was filed, Mr. Vilsack was properly named as the lone defendant in a federal employment discrimination case. 42 U.S.C.§ 2000e-16(c) (Title VII); 29 U.S.C. § 794a (incorporating the procedures and remedies of Title VII into the Rehabilitation Act). The rules for a proper defendant under the FMLA are less clear, but – for purposes of this appeal – the USDA does not contest that Dobbins named the proper party for her FMLA claims. Subsequently, Mr. Vilsack was succeeded by Brooke L. Rollins as the thirty-third Secretary of Agriculture on February 13, 2025. Thus, Ms. Rollins, in her official capacity, is the proper appellee herein. FED. R. CIV. P. 25(d). *See also* FED. R. APP. P. 43(c)(2).

Appellate Case: 25-1465    Page: 10    Date Filed: 12/15/2025 Entry ID: 5588190

On September 3, 2024, the USDA filed a motion seeking summary judgment on all claims raised in Dobbins' COMPLAINT. App[I], at 35-62, R.Doc. 16, at 1-23. Following briefing, the district court entered an order on January 6, 2025, granting summary judgment on all of Dobbins' claims in favor of the USDA. App[III], at 671-92, R.Doc. 45, at 1-22. The same day, a CLERK'S JUDGMENT was filed. App[III], at 693, R.Doc. 46, at 1.

Inasmuch as the defendant in the district court was a federal government official, Dobbins had 60 days to file a timely notice of appeal from the entry of the aforementioned CLERK'S JUDGMENT. 28 U.S.C. § 2017(b)(3); FED. R. APP. P. 4(a)(1)(B)(iii). On the sixtieth day following the entry of the CLERK'S JUDGMENT, Dobbins filed her NOTICE OF APPEAL. App[III] at 694, R.Doc. 47, at 1. The timely-filed NOTICE OF APPEAL invests this Court with full appellate jurisdiction. 28 U.S.C. §§ 1291, 1294(1).

2

Appellate Case: 25-1465   Page: 11   Date Filed: 12/15/2025 Entry ID: 5588190

# V. Statement of the issues

**A.**    **The district court ruled properly and did not err in entering summary judgment in favor of the USDA on Dobbins' claims of disparate treatment asserted in Count I of her COMPLAINT in that Dobbins' exhausted claims cannot survive scrutiny under *McDonnell Douglas***

*Jacam Chem. Co. 2013, LLC v. Shepard*, 101 F.4th 954 (8th Cir. 2024)

*Larry v. Potter*, 424 F.3d 849 (8th Cir. 2005)

*McNary v. Schreiber Foods, Inc.,* 535 F.3d 765 (8th Cir. 2008)

**B.**    **The district court ruled properly and did not err in entering summary judgment in favor of the USDA on Dobbins' claim of a hostile work environment in that Dobbins fails to establish any causal connection and fails to establish that her allegations of harassment were objectively severe**

*Palesch v. Missouri Comm'n on Hum. Rts.*, 233 F.3d 560 (8th Cir. 2000)

*Jackman v. Fifth Jud. Dist. Dept. of Corr. Servs.*, 728 F.3d 800 (8th Cir. 2013)

**C.**    **The district court ruled properly and did not err in entering summary judgment in favor of the USDA on Dobbins' claims of retaliation in that Dobbins abandoned such claims before the district court and, moreover, the claims cannot survive scrutiny under *McDonnell Douglas***

*Jacam Chem. Co. 2013, LLC v. Shepard*, 101 F.4th 954 (8th Cir. 2024)

*Larry v. Potter*, 424 F.3d 849 (8th Cir. 2005)

*McNary v. Schreiber Foods, Inc.,* 535 F.3d 765 (8th Cir. 2008)

3

**D.** **The district court ruled properly and did not err in entering summary judgment in favor of the USDA on Dobbins' claim of wrongful discharge in that Dobbins failed to exhaust such a claim and, moreover, the claim cannot survive scrutiny under *McDonnell Douglas***

*Slayden v. Ctr. for Behav. Med.*, 53 F.4th 464 (8th Cir. 2022)

**E.** **The district court ruled properly and did not err in entering summary judgment in favor of the USDA on Dobbins' claim of a failure-to-accommodate in that Dobbins failed to exhaust such a claim**

*Sellers v. Deere & Co.*, 791 F.3d 938 (8th Cir. 2015)

4

Appellate Case: 25-1465    Page: 13    Date Filed: 12/15/2025 Entry ID: 5588190

# VI. Statement of the case

## A. Facts

Dobbins started working for the USDA in 2006 and continued with the USDA until her termination in 2023. App.[II], at 368, R.Doc. 29-2, at 2; App.[III], at 593-602, R.Doc. 29-22, at 2-11. Beginning in March of 2015, Dobbins worked as a Program Assistant. App.[II], at 368, R.Doc. 29-2, at 2.

While working for the USDA, Dobbins got married. App.[II], at 356, R.Doc. 29-1, at 2. According to Dobbins, she and her husband maintained a good relationship until the birth of their first child, after which her husband spiraled into methamphetamine use and became manipulative and abusive. App.[II], at 356-57, R.Doc. 29-1, at 2-3. Further, according to Dobbins, after the birth of their second child, her husband became physically abusive (leading to his arrest), with Dobbins leaving him and filing for an ORDER OF PROTECTION in April of 2021. App.[II], at 356-58, R.Doc. 29-1, at 2-4. Dobbins now contends her husband's "abuse caused [her] severe anxiety, depression and [PTSD]." App.[II], at 359, R.Doc. 29-1, at 5.

On July 16, 2019, Dobbins was granted a reasonable accommodation by the USDA affording her the option of choosing among five flexible work schedules. App.[I], at 355-58, R.Doc. 16-2, at 1-4. With the onset of the COVID-19 pandemic, however, on November 24, 2020, Dobbins' then-supervisor Eric Jabs modified Dobbins' accommodation on an interim, week-by-week basis:

> whereby [Mr. Jabs would] work to accommodate [Dobbins'] schedule request as best possible (accounting for employee leave requests and essential functions for administrative duties, deliveries, visitors, etc.) for each week. [Mr. Jabs] request[ed] that [Dobbins] submit her schedule request to [him] via email no later than the end of the day on Wednesday for the next week's schedule.

App.[I], at 93, R.Doc. 16-3, at 1-2.

In August of 2021, Charles Parr became Dobbins' first-line supervisor. App.[I], at 62, R.Doc. 16-4, at 2.  A month later, on September 8, 2021, Mr. Parr issued Dobbins a NOTICE OF CONTINUATION OF LEAVE RESTRICTION. App.[I], at 95-97, R.Doc. 16-5, at 1-3.  In the NOTICE, Parr explained that while federal employees were "entitled to sick and annual leave, [Dobbins'] unscheduled absences [were] having a negative impact on the work of [the USDA]." App.[I], at 95, R.Doc. 16-5, at 1. As an example, Mr. Parr noted that Dobbins had taken an unscheduled absence on August 25, 2021, and had been AWOL on September 7, 2021.  App.[I], at 95, R.Doc. 16-5, at 1. As a consequence, Mr. Parr found it "necessary to reinstitute" restrictions on Dobbins' use of leave, specifying:

1. Tardiness, arriving for work late without a proper excuse, unauthorized absence(s) from your work unit for extended periods of time, or leaving work early without a proper excuse, will be recorded as Absence without Official Leave (AWOL).

2. No annual leave (except emergency) will be granted unless scheduled in advance and approved by me, the Assistant Field Office Manager, or Field Office Manager, another supervisor designated to act in my place. . . .

6

3. No sick leave will be granted unless you provide an acceptable medical certificate to support each instance of sick leave, regardless of length. This certificate must be provided upon your return to duty, and must contain the following information. . . .

App.[I], at 95, R.Doc. 16-5, at 1.

On November 19, 2021, Mr. Parr proposed that Dobbins be suspended from duty for seven days based on: (1) unsatisfactory attendance/failure to follow leave procedures, and (2) multiple absences without official leave. App.[I], at 104, R.Doc. 16-7, at 1. On December 9, 2021, Dobbins responded to these charges and "acknowledg[ed] the AWOL dates," indicating that "personal issues [had] resulted in [her] unsatisfactory attendance and failure to follow leave procedures." App.[I], at 104, R.Doc. 16-7, at 1. On December 29, 2021, Edward Jhee, the Director of the USDA's Technology and Science Division, determined that the proposed 7-day suspension was "warranted and sustained." App.[I], at 104-08, R.Doc. 16-7, at 1-5.

On August 19, 2022, Mr. Parr issued NOTICE OF PROPOSED REMOVAL to Dobbins.[5] App.[II], at 270-79, R.Doc. 16-8, at 162-71. The NOTICE contained charges of "absence without leave" and "failure to follow instructions" to wit:

_____

[5] Mr. Parr initially issued a NOTICE OF PROPOSED REMOVAL to Parr on July 21, 2022. App.[I], at 109-16, R.Doc. 16-8, at 1-8. This July NOTICE OF PROPOSED REMOVAL, however, was subsequently rescinded to correct some absence dates and the second NOTICE OF PROPOSED REMOVAL was issued on August 19, 2022. App.[I], at 7, R.Doc. 1, at 7.

Appellate Case: 25-1465     Page: 16     Date Filed: 12/15/2025 Entry ID: 5588190

- During the four-months period between January 1, 2022 and April 27, 2022, Dobbins had been AWOL on 45 days, with the NOTICE specifying that Dobbins had been absent from duty without authorization or approved leave on January 4-7, 20, 25-28, 2022, February 1, 4, 7-9, 14-18, 22, 2022, March 2-4, 7-9, 14-16, 21-23, 28, 30, 2022, April 4-8, 12, 14, 18-20, 22, 27, 2022; and

- Dobbins failed to follow the management directives set out in the September 8, 2021 NOTICE OF CONTINUATION OF LEAVE RESTRICTION on the dates set out above.

App.[II], at 270-74, R.Doc. 16-8, at 162-66. The NOTICE included extensive documentation to support the charges. App.[I], at 121-260, R.Doc. 16-8, at 13-152; App.[II], at 261-79, R.Doc. 16-8, at 153-71. The NOTICE explained that Dobbins' position was "essential to prevent disruption of the [USDA's] mission" and her repeated absences "adversely impact[ed] the USDA's ability to properly staff positions on short notice" and the USDA's "ability to carry out its mission of assuring a safe, wholesome, unadulterated food supply for the consuming public." App.[II], at 275, R.Doc. 16-8, at 167.

Beginning May 2, 2022, Dobbins stopped reporting to work at the USDA altogether. App.[I], at 111, R.Doc. 16-8, at 3. On September 1, 2022, Mr. Parr issued Dobbins a NOTICE OF PAID ADMINISTRATIVE INVESTIGATIVE LEAVE. App.[II], at 281-82, R.Doc. 16-10, at 1-2.

8

On October 4, 2022, Dobbins filed an administrative complaint of discrimination with the USDA. App.[II], at 283-86, R.Doc. 16-11, at 1-4. Therein, Dobbins checked the boxes for "sex (female)" and "disability (mental)" and alleged workplace discrimination based on two incidents: the July 21, 2022 NOTICE OF PROPOSED REMOVAL and the September 1, 2022 NOTICE OF PAID ADMINISTRATIVE INVESTIGATIVE LEAVE. App.[II], at 283, R.Doc. 16-11, at 1. The USDA's ensuing investigation also considered whether the two NOTICES were issued in "retaliation" based on Dobbins' allegation that in December of 2021 she "requested forms from the EEO office to file a complaint of discrimination against [Mr.] Parr and the Agency and reached out to the EEO office informally [but Dobbins] decided against completing the EEO process at that time." App.[I], at 6, R.Doc. 1, at 6; Aplee. App., at 1-28, R.Doc. 1-1, at 3-30.[6]

By a letter dated January 26, 2023, Mr. Jhee issued a formal decision determining that the NOTICE OF PROPOSED REMOVAL was "warranted" and notifying Dobbins that her removal from the USDA was "effective upon receipt of [the] notice." App.[II], at 593-603, R.Doc. 29-22, at 1-11.

---

[6] Dobbins attached a copy of the USDA's Final Agency Decision ("FAD") to be her COMPLAINT. R.Doc. 1-1. However, Dobbins did not include the FAD in her APPENDIX. Because the FAD was part of the record below, was cited by the district court in its summary judgment order, and is the best evidence for the scope of investigation conducted by the USDA, the USDA attaches the FAD in a APPELLEE'S APPENDIX filed contemporaneously with the Court herewith and is referenced herein as "Aplee. App., at ----, R.Doc. 1-1, at ---."

Appellate Case: 25-1465    Page: 18    Date Filed: 12/15/2025 Entry ID: 5588190

Following her removal, Dobbins has objects to Mr. Parr putting on her leave restrictions in August of 2021 "knowing that [she] was having marital problems/domestic violence and that [her] husband at the time was not reliable when it came to caring for [their] children while [Dobbins] worked." App.[I], at 98, R.Doc. 16-6, at 1. According to Dobbins, Mr. Parr "micromanaged" her in that "anytime [she] needed to take leave without advanced notice due to being a single parent and trying to stay safe, [she] was issued an AWOL due to the stipulations set forth in the leave restriction [Mr. Parr] put on [her]." App.[I], at 98, R.Doc. 16-6, at 1. Dobbins additionally complains that Mr. Parr "offered [her] no support in navigating through this difficult time." App.[I], at 98, R.Doc. 16-6, at 1.

## B. Procedural history and relevant rulings

On September 11, 2023, Dobbins filed her COMPLAINT WITH JURY DEMAND with the district court. App[I], at 1-16, R.Doc. 1, at 1-16. Dobbins' COMPLAINT sought damages from the USDA based on alleged theories of:

(1)    discrimination arising from disparate treatment [Count I],

(2)    hostile work environment [Count II],

(3)    retaliation [Count III],

(4)    wrongful discharge [Count IV],

(5)    failure to accommodate [Count V], and

(6)    violations of the FMLA [Counts VI and VII].

10

App[I], at 1-16, R.Doc. 1, at 1-16. Following service of process, on November 28, 2023, the USDA filed an answer to Dobbins' pleading. App[I], at 17-28, R.Doc. 6, at 1-12.

Thereafter, following an extended period of discovery, the USDA filed a summary judgment motion on all claims raised in Dobbins' COMPLAINT. App[I], at 35-62, R.Doc. 16, at 1-23. After briefing from the parties, the district court issued an order on January 6, 2025, granting full summary judgment to the USDA. App[III], at 671-92, R.Doc. 45, at 1-22. In its order, the district court[7] found:

(a)     Dobbins abandoned her claim of retaliation raised in Count III of her COMPLAINT by failing to address the USDA's arguments regarding the legal deficiencies of her retaliation claim [App[III], at 680-81, R.Doc. 45, at 10-11];

(b)     Dobbins' wrongful discharge claim raised in Count IV of her COMPLAINT and her failure-to-accommodate claim raised in Count V of her COMPLAINT were not administratively exhausted and were not otherwise preserved by the "continuing violation" doctrine [App[III], at 681-85, R.Doc. 45, at 11-15];

---

[7]     The district court rulings are listed here in the sequence that they appear in the district court's summary judgment order.  The USDA's discussion of these rulings in the "Argument" section of this brief, however, address the claims in the order in which they appear in Dobbins' COMPLAINT.

11

Appellate Case: 25-1465     Page: 20     Date Filed: 12/15/2025 Entry ID: 5588190

(c)    Dobbins abandoned her claims of FMLA interference and retaliation set forth in Counts VI and VII of her COMPLAINT by expressly conceding the FMLA claims and by not addressing the USDA's argument that no private right of action exists under the FMLA [App[III], at 685-86, R.Doc. 45, at 15-16];[8]

(d)    Dobbins' claims of disparate treatment – to the extent they were exhausted – asserted in Count I of her COMPLAINT failed to satisfy *McDonnell Douglas* [App[III], at 686-88, R.Doc. 45, at 16-18]; and

(e)    Dobbins' claim of a hostile work environment in Count II of her COMPLAINT failed to establish pervasiveness and severity or any causal connection [App[III], at 688-92, R.Doc. 45, at 18-22].

---

[8]    In her CORRECTED BRIEF OF APPELLANT, Dobbins makes no argument that the district court erred in dismissing her FMLA claims set out in Counts VI and VII of the COMPLAINT based on a lack of a private-right-of-action for aggrieved federal employees. It is well settled that claims not raised in an appellant's opening brief are "not properly before" the Court. *Kampas v. City of St. Louis, Missouri*, 157 F.4th 937, 945 (8th Cir. 2025). In light of this law, the USDA will not further address the district court's FMLA rulings herein.

12

Appellate Case: 25-1465     Page: 21     Date Filed: 12/15/2025 Entry ID: 5588190

# VII. Summary of the argument

Beginning in 2021, Dobbins, who had been employed with the USDA for over a decade, began missing work on a frequent basis. Consequently, Dobbins was notified in September of 2021 that she needed advance approval for annual leave (except for emergencies) and needed to submit documentation to support her sick leave. Dobbins further was informed that all other absences (including unexcused tardiness) would be recorded as AWOL. Nonetheless, in the first four months of 2022, Dobbins was AWOL on 45 days. Then, beginning on May 2, 2022, Dobbins stopped reporting to work at the USDA altogether. As a result, in August of 2022, the USDA issued a proposed removal to Dobbins and, in September of 2022, placed Dobbins on paid administrative leave. Finally, on January 26, 2023, the USDA terminated Dobbins' employment with the agency.

Dobbins thereafter sued the USDA claiming that its actions created a hostile work environment and constituted disability and sex discrimination. According to Dobbins, her persistent absences derived from an abusive relationship involving her former husband. Indeed, during the administrative process of her discrimination complaint, Dobbins conceded that she had attendance problems because she "had to keep [her]self and [her] children safe." Even so, Dobbins now contends that the abuse from her ex-husband caused her mental injury and the USDA should have accommodated this resulting disability.

13

Appellate Case: 25-1465     Page: 22     Date Filed: 12/15/2025 Entry ID: 5588190

In granting summary judgment to the USDA, the district court sorted through Dobbins' patchwork and inconsistent COMPLAINT and found that many of Dobbins' claims were not exhausted administratively, while others were abandoned by Dobbins' response to the USDA's motion for summary judgment. Moreover, the district court found that overall Dobbins' claims could not survive summary judgment analysis. While the district court acknowledged that Dobbins' complaints about her ex-husband engendered sympathy, such sympathy could not excuse the legal deficiencies attendant to Dobbins' claims of workplace discrimination and retaliation, failure to accommodate, and a hostile work environment.

Appellate Case: 25-1465    Page: 23    Date Filed: 12/15/2025 Entry ID: 5588190

# VIII.  Argument

## A.  Standard of appellate review for Rule 56 motions

This Court reviews grants of summary judgment *de novo*. *Warren v. Nucor Corp.*, 150 F.4th 990, 996 (8th Cir. 2025).[9] Summary judgment is properly rendered if a "movant shows that there [are] no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). While the Court views the facts in the light most favorable to the non-movant, such a rule "does not mean [the Court is] bound to credit the [non-moving party's] version of events, come what may." *Michael v. Trevena*, 899 F.3d 528, 532 (8th Cir. 2018). Instead, parties opposing summary judgment must "set forth specific facts in the record[10] showing that there is a genuine issue for trial." *Denn v. CSL Plasma, Inc.*, 816 F.3d 1027, 1032 (8th Cir. 2016) (*emphasis added*). And while a party may oppose summary judgment by establishing factual disagreements, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law" will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

---

[9]  "There is no 'discrimination case exception' to the application of summary judgment." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (*en banc*).

[10]  In reviewing summary judgment, the Court "can properly consider only the record and facts before the district court." *Cont'l Res., Inc. v. N. Dakota Bd. of Univ. & Sch. Lands*, 136 F.4th 778, 788 (8th Cir. 2025)

Appellate Case: 25-1465   Page: 24   Date Filed: 12/15/2025 Entry ID: 5588190

**B.    The district court ruled properly and did not err in granting the USDA's motion for summary judgment.**

**1.    The district court ruled properly and did not err in entering summary judgment in favor of the USDA on Dobbins' claims of discrete treatment asserted in Count I of her COMPLAINT in that:**

**a.    The summary judgment record fails to establish *prima facie* cases of discrimination.**

In her CORRECTED BRIEF OF APPELLANT, Dobbins correctly notes that a plaintiff seeking to establish workplace discrimination may do so by utilizing either direct evidence or indirect evidence. *Winters v. Deere & Co.*, 63 F.4th 685, 689 (8th Cir. 2023). However, Dobbins is incorrect in her contention that she presented direct evidence to the district court. The record evidence[11] identified by Dobbins does not "show[] a specific link between the alleged discriminatory animus and the challenged decision[s]" of the USDA. *Id*. at 689-90. At best, the evidence identified by Dobbins is either a "stray remark in the workplace" or a "statement by [a] decisionmaker unrelated to the decisional process." *Id*. at 690. The district court properly concluded that "[t]here simply is no direct evidence of disparate treatment." App[III], at 688, R.Doc. 45, at 18.

---

[11]    The only evidence cited by Dobbins in her brief with the Court that is supported by a record citation is Mr. Parr allegedly telling Dobbins on one occasion: "Little girl, everyone has problems." CORRECTED BRIEF OF APPELLANT, at 25 (*citing* App.[II], at 364, R.Doc. 29-1, at 10).

Appellate Case: 25-1465    Page: 25    Date Filed: 12/15/2025 Entry ID: 5588190

Because Dobbins does not offer direct evidence of disability discrimination[12] by the USDA, the efficacy of Dobbins' discrete discrimination claim was properly examined by the district court utilizing the familiar burden-shifting analysis articulated by the Supreme Court in the seminal case of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-05, 93 S.Ct. 1817 (1973). Applying *McDonnell Douglas*, Dobbins bears the initial burden of establishing *prima facie* cases of discrimination. *Heisler v. Nationwide Mut. Ins. Co.*, 931 F.3d 786, 794 (8th Cir. 2019). Thereafter, if (and only if) Dobbins establishes such *prima facie* cases, then the burden shifts to the USDA to articulate legitimate reasons for its alleged adverse actions. *Id*. Once the USDA articulates such reasons, however, the burden shifts back to Dobbins to show that the USDA's stated reasons are "merely a pretext for discrimination or retaliation." *Id*.

---

[12] As noted by the district court, "it is unclear the basis for [Dobbins'] disparate treatment" claim. App[III], at 686, R.Doc. 45, at 16. Count I of Dobbins' COMPLAINT does not specify the discrimination bases being asserted but does note that Dobbins is "a female with disability who engaged in prior protected activity." App.[I], at 9, R.Doc. 1, at 9. With regard to sex discrimination and retaliatory disparate treatment, however, the district court correctly determined that Dobbins' summary judgment pleadings made no mention of or argument for disparate treatment based on sex or retaliation and, thus, were waived by Dobbins. App[III], at 686, R.Doc. 45, at 16 (*citing Milligan v. City of Red Oak, Iowa*, 230 F.3d 355, 360 (8th Cir. 2000)). Further to that end, it is well-settled that "a party cannot assert arguments that were not presented to the district court in opposing summary judgment in an appeal contesting an adverse grant of summary judgment." *Jacam Chem. Co., 2013, LLC v. Shepard*, 101 F.4th 954, 962 n.4 (8th Cir. 2024). As such, the USDA deems those claims waived and limits is analysis herein only to Dobbins' claim of disparate treatment based on her disability.

17

Appellate Case: 25-1465    Page: 26    Date Filed: 12/15/2025 Entry ID: 5588190

The *prima facie* case for a claim of disparate treatment based on disability discrimination is well-settled. To initially shift the burden to the USDA under *McDonnell Douglas*, Dobbins was required to establish:

(1)    she was a member of a protected group (*i.e.*, she was an individual with a disability),

(2)    she was qualified to perform the essential functions of her job,

(3)    she suffered an adverse employment action or actions, and

(4)    a causal connection existed between her membership in the protected group and the adverse action(s).

*Yelder v. Hegseth*, 151 F.4th 943, 953 (8th Cir. 2025). In its summary judgment order, the district court found that Dobbins failed to satisfy the "causal connection" factor, impliedly finding the other factors satisfied. App[III], at 686-87, R.Doc. 45, at 16-17. The district court's conclusion was correct.

With regard to the two discrete USDA actions administratively raised and exhausted by Dobbins – the issuances of the July 21, 2022 NOTICE OF PROPOSED REMOVAL and the September 1, 2022 NOTICE OF PAID ADMINISTRATIVE INVESTIGATIVE LEAVE –the district court concluded that Dobbins identified no circumstances suggesting a causal link between either of the actions against her and alleged disability discrimination. App[III], at 687-88, R.Doc. 45, at 17-18. The district court's conclusion was proper.

18

Even acknowledging the low evidentiary bar for making such a showing at the *prima facie* stage, the district court found that Dobbins <u>failed to present any evidence</u> that any other employee had ongoing leave issues in the way that Dobbins did and was treated more favorably or that any of Dobbins' supervisors were biased against her, failed to follow their own policies, or shifted any explanations as to why the USDA's actions related to her absences were taken. App[III], at 687-88, R.Doc. 45, at 17-18. Indeed, Dobbins herself essentially conceded[13] during the administrative process that she did not believe her conduct issues – which triggered the USDA's adverse actions (excessive and persistent unexcused absenteeism) – related to any mental disability. App[I], at 45, R.Doc. 16, at 6.  As argued by the USDA to the district court:

> [Dobbins] fails to explain how the timing of [the two notices] that reflected months of attendance issues constitute evidence of a causal connection between [Dobbins' alleged] medical issues and the proposed removal, particularly given that long before Dobbins went out on medical leave the USDA raised issues with Dobbins' attendance via a leave restriction and temporary suspension for her attendance failures.

App[I], at 55, R.Doc. 16, at 16. Stated flatly, Dobbins fails to make a *prima facie* case of disparate treatment arising from disability discrimination.

---

[13]     During the administrative process, Dobbins pointedly admitted that she had been "on a flexible schedule for the last 15 years and that was taken from me because we were short staffed [and she] <u>was not able to provide coverage to the entire building on a consistent basis as I had to keep myself and my children safe</u>." App[I], at 45, R.Doc. 16, at 6 (*emphasis added*).

Appellate Case: 25-1465     Page: 28     Date Filed: 12/15/2025 Entry ID: 5588190

### b. Alternatively, the summary judgment records fails to establish a trialworthy issue of pretext

With regard to Dobbins' claims of discrete employment actions, the USDA offered legitimate, nondiscriminatory/nonretaliatory reasons for its decisions.[14] Indeed, this Court has unambiguously held previously that:

> An employee's excessive absenteeism is a legitimate, nondiscriminatory reason for taking an adverse employment action.

*Larry v. Potter*, 424 F.3d 849, 851 (8th Cir. 2005). *See also Evans v. Coop. Response Ctr., Inc.*, 996 F.3d 539, 552 (8th Cir. 2021) (employer articulated "legitimate nondiscriminatory reasons for firing [the plaintiff] – excessive unexcused absences"). Thus, even if Dobbins' discrete claims could survive the *prima facie* analysis discussed above, in light of the USDA's legitimate, nondiscriminatory reasons for its actions, under *McDonnell Douglas*, the burden would have shifted back to Dobbins to establish a trialworthy issue of pretext in order to avoid entry of summary judgment. In its summary judgment order, the district court properly found that Dobbins "attempts to characterize the evidence to show bias [were] unavailing." App.[III] at 688, R.Doc. 45, at 18.

---

[14] "The burden to articulate a nondiscriminatory justification is not onerous, and the explanation need not be demonstrated by a preponderance of the evidence." *Nelson v. Lake Elmo Bank*, 75 F.4th 932, 938 (8th Cir. 2023) (*quoting Floyd v. State of Mo. Dept. of Soc. Servs., Div. of Family Servs.*, 188 F.3d 932, 936 (8th Cir. 1999)).

Appellate Case: 25-1465     Page: 29     Date Filed: 12/15/2025 Entry ID: 5588190

This Court has explained what a plaintiff must do to show that proffered justifications are mere pretext to hide illegal discrimination:

> To demonstrate pretext, a plaintiff must present sufficient evidence to demonstrate both that the employer's articulated reason for the adverse employment action was false and that discrimination was the real reason . . . . [T]he plaintiff must do more than simply create a factual dispute as to the issue of pretext; [he] must offer sufficient evidence for a reasonable trier of fact to infer discrimination.

*Lors v. Dean,* 595 F.3d 831, 834 (8th Cir. 2010). More specifically, a plaintiff "must demonstrate that a discriminatory animus lies behind the defendants' neutral explanations." *McNary v. Schreiber Foods, Inc.,* 535 F.3d 765, 769 (8th Cir. 2008). Thus, "[t]o prove pretext, the employee must do more than show that the employment action was ill-advised or unwise, rather [the employee] must show that the employer has offered a 'phony excuse.'" *Id.*

> A proffered legitimate, non-discriminatory reason for [an adverse employment action] need not, in the end, be correct[15] if the employer honestly believed the asserted grounds at the time of the [action].

---

[15] As to the USDA's actions, "employers have wide latitude to make business decisions." *Lacroix v. Sears, Roebuck, and Co.*, 240 F.3d 688, 692 (8th Cir. 2001)

> The discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination or retaliation.

*Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 976 (8th Cir. 2012).

21

*Id.* A court may properly grant summary judgment if a plaintiff fails to show that there is a genuine issue of material fact as to whether the employer's proffered justification was a pretext for an illegal discriminatory motive. *McNary*, 535 F.3d at 769.

In this case, Dobbins failed to come forward with any "significant probative evidence" indicating that the reasons put forward by the USDA were mere cover to hide illegal disability discrimination. *Cf. Buettner v. Arch Coal Sales, Inc.*, 216 F.3d 707, 718 (8th Cir. 2000) ("A plaintiff [in an employment discrimination case] facing a summary judgment motion cannot get to a jury without any significant probative evidence tending to support the complaint."). Perhaps Dobbins subjectively "feels" or "believes" that the actions of the USDA were illegal disability discrimination. However, with regard to such personal feelings, no matter how subjectively honest, they plainly cannot establish a case of pretext. *Cf. Torgerson v. City of Rochester*, *supra*, 643 F.3d at 1050.

In analyzing the summary judgment record, the district court properly concluded that Dobbins failed to establish an issue of pretext with regard to her discrete claims. Given the absence of any significant probative evidence indicating that the reasons put forward by the USDA were mere cover to hide illegal disability discrimination (or sex discrimination or retaliation), the district court properly concluded that Dobbins failed to establish a trialworthy issue of pretext.

Appellate Case: 25-1465    Page: 31    Date Filed: 12/15/2025 Entry ID: 5588190

**2.      The district court ruled properly and did not err in entering summary judgment in favor of the USDA on Dobbins' claim of a hostile work environment set out in Count II of her COMPLAINT in that Dobbins fails to establish a causal connection and fails to establish that her allegations of harassment are objectively severe.**

With regard to Dobbins' claims of a hostile work environment based on disability,[16] the district court concluded that Dobbins could not satisfy this Court's articulated standard for establishing a trialworthy case of a hostile work environment.  The district court's ruling was correct.

In this Circuit, in order to establish an actionable harassment claim that will survive summary judgment, a plaintiff[17] is required to establish:

---

[16]      In Count II of her COMPLAINT, Dobbins plead that she experienced a hostile work environment based on disability as well as sex and retaliation. App.[I], at 10-11, R.Doc. 1, at 10-11. The USDA correspondingly sought summary judgment based on all three grounds. App.[I], at 57-59, R.Doc. 16, at 23-25. However, as correctly noted by the district court, in her summary responsive pleadings, "Dobbins ma[de] no mention that the harassment [she allegedly faced at work] was based on her sex or her prior protected activity." App.[III], at 690, R.Doc. 45, at 20. Accordingly, the district court properly deemed Dobbins' claims of a hostile work environment on those grounds to be waived. App.[III], at 690, R.Doc. 45, at 20 (*citing Milligan v. City of Red Oak, Iowa*, *supra*, 230 F.3d at 360). Again, it is well-settled that "a party cannot assert arguments that were not presented to the district court in opposing summary judgment in an appeal contesting an adverse grant of summary judgment." *Jacam Chem. Co., 2013, LLC v. Shepard*, *supra*, 101 F.4th at 962 n.4. The USDA deems those claims waived and limits its analysis to the hostile work environment claim based on disability.

[17]      Plaintiffs alleging a hostile work environment bear the burden of showing a *prima facie* case.  *Erenberg v. Methodist Hosp.*, 357 F.3d 787, 792 (8th Cir. 2004).

Appellate Case: 25-1465      Page: 32      Date Filed: 12/15/2025 Entry ID: 5588190

(1)    she was a member of a protected class,

(2)    she was subject to unwelcome harassment,

(3)    the harassment resulted from membership in the protected class,

(4)    the harassment was severe enough to affect the terms, conditions, or privileges of employment.

*Mahler v. First Dakota Title Ltd. P'ship*, 931 F.3d 799, 806 (8th Cir. 2019). The district court focused on the third and fourth elements – whether the conduct complained of by Dobbins was undertaken because of disability and whether the conduct complained of by Dobbins was sufficiently severe.

With regard to the former requirement, this Court has made it clear that a plaintiff must present "competent evidence to link the complained of conduct to a [disability-based] animus" and such evidence requires "more than bare allegations that [a plaintiff was] harassed her because of her" disability. *Palesch v. Missouri Comm'n on Hum. Rts.*, 233 F.3d 560, 567 (8th Cir. 2000). As argued by the USDA before the district court, Dobbins' evidence fell well short of this threshold:

> Dobbins may not simply rely on speculation and conjecture that the alleged hostile work environment related to her protected classifications to withstand summary judgment. . . .  As discussed at length *supra*, no connection exists between any of Dobbins' protected characteristics and the alleged hostile actions which stemmed from Dobbins' work attendance problems.

App[I], at 59, R.Doc. 16, at 20.

24

Appellate Case: 25-1465    Page: 33    Date Filed: 12/15/2025 Entry ID: 5588190

In concluding that Dobbins failed to produce probative evidence to establish a causal connection, the district court properly considered and ultimately rejected the "evidence" in the summary judgment record submitted by Dobbins as being too vague and indefinite to create a genuine issue of material fact, including:

- Dobbins' contention that an unnamed supervisor told "her that her symptoms were not real and '[y]ou don't know what you have coming for you[,]'"[18]

- Dobbins' "generalized statements of fact regarding disclosure of [her] personal information" where Dobbins did "not provide any specific information as to who was involved and when such occurrences were made,"

- Dobbins' "generalized statement that her supervisor minimized her situation or her diagnosis," and

- Dobbins' "generalized allegations that were solely supported by her own conclusory affidavit."

App.[III], at 690, R.Doc. 45, at 20.  Such a finding was entirely consistent with this Court's precedent. *Cf. Millard Gutter Co. v. Cont'l Cas. Co.*, 9 F.4th 711, 713 (8th Cir. 2021) ("[A] nonmoving party must come forward with specific facts showing that there is a genuine issue for trial."); *Smith v. Golden China of Red Wing, Inc.*, 987 F.3d 1205, 1209 (8th Cir. 2021) ("[A] conclusory, self-serving affidavit will not defeat an otherwise meritorious summary judgment motion.").

---

[18] As explained by the district court, "[t]here [was] no indication who made the statement, the circumstance surrounding the statement, or when the statement was made."  App.[III], at 690, R.Doc. 45, at 20.

Appellate Case: 25-1465     Page: 34     Date Filed: 12/15/2025 Entry ID: 5588190

Moreover, even if the Court were to find that there was sufficient evidence to establish that the subject conduct of the USDA "was the result of" Dobbins' disability, the district court still properly granted summary judgment based on its alternative ruling that Dobbins failed to show that any alleged harassment was so severe or pervasive so as to have affected a term, condition, or privilege of her employment. App[III], at 692, R.Doc. 45, at 22. To this end, the law is well-settled that "[h]ostile work environment claims are limited in nature." *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008). Specifically:

> Hostile work environment harassment occurs when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.

*Liles v. C.S. McCrossan, Inc.*, 851 F.3d 810, 823 (8th Cir. 2017). With regard to the required severity and pervasiveness of alleged harassment, courts must analyze the offending conduct under both a subjective and an objective test. *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016). In this case, even accepting that Dobbins may have subjectively viewed the USDA's conduct as hostile and abusive, applying this Court's precedent, the district court properly found that Dobbins failed to establish that the conduct of the USDA was "severe or pervasive."

26

Here, even assuming that Dobbins could have shown that the USDA's actions were undertaken based on Dobbins' disability, the limited incidents alleged by Dobbins miss the mark of demonstrating an objective hostile work environment. *Cf. Jackman v. Fifth Jud. Dist. Dept. of Corr. Servs.*, 728 F.3d 800, 806 (8th Cir. 2013) ("[Title VII] is demanding and does not prohibit all verbal or physical harassment and it is not a general civility code for the American workplace."); *Carpenter v. Con-Way Cent. Express, Inc.*, 481 F.3d 611, 618 (8th Cir. 2007). Indeed, the mere fact that Dobbins was consistently and repeatedly absent from the workplace makes it difficult to comprehend how Dobbins could demonstrate sufficiently frequent examples of workplace harassment. In this Circuit, "[h]arassment standards are demanding." *Arraleh v. County of Ramsey*, 461 F.3d 967, 979 (8th Cir. 2006). And Dobbins' evidence of a hostile work environment fell significantly short of these demanding standards.

Appellate Case: 25-1465     Page: 36     Date Filed: 12/15/2025 Entry ID: 5588190

**3.** **The district court ruled properly and did not err in entering summary judgment in favor of the USDA on Dobbins' claim of retaliation asserted in Count III of her COMPLAINT in that:**

**a.** **Dobbins abandoned any retaliation before the district court**

In Count III of her COMPLAINT, Dobbins alleged she was subjected to illegal retaliation by the USDA. App.[I], at 11-12, R.Doc. 1, at 11-12. Correspondingly, in its motion for summary judgment, the USDA argued that any claim of retaliation by Dobbins was subject to summary judgement based on the *McDonnell Douglas* framework. App.[I], at 47-48, R.Doc. 16, at 8-9 ("[T]here is no evidence in the record to connect any of the actions taken by the USDA to an alleged retaliatory motive and the USDA has extensively documented legitimate non-discriminatory reasons for the actions taken."). In her two pleadings responding to the USDA's summary judgment motion, however – Dobbins' 41-page statement of facts and her 27-page legal brief – Dobbins mentions the word "retaliation" only three times. First, in her statement of facts, Dobbins generally notes:

> On October 4, 2022, Dobbins filed a formal EEO Complaint alleging that she was discriminated against based on her sex (female), marital status (single), and disabilities (complex PTSD, generalized anxiety disorder, and other mental health issues), as well as in retaliation for EEO activity, when on July 21, 2022, she was issued a Notice of Proposed Removal and on September 1, 2022, she was issued a Notice of Paid Administrative Investigative Leave.

28

App.[II], at 321, R.Doc. 29, at 8 (*emphasis added*). And in her legal brief, Dobbins

seemingly explains the absence of any discussion of retaliation when she first

"agrees that [her] retaliation claim [and] FMLA interference claims may be

dismissed." App.[II], at 296, R.Doc. 28, at 10 n.1. Even more to the point, in the

"Conclusion" to her legal brief, Dobbins unambiguously states:

> [Dobbins] respectfully requests the Honorable Court to
> deny summary judgment on all claims <u>but agrees that
> dismissal may be appropriate on the Retaliation</u> and FMLA
> interference claims.

App.[II], at 311, R.Doc. 28, at 25.

Even assuming that Dobbins' reference to agreeing to a dismissal of her

retaliation claim was limited to her claim of "FMLA retaliation" as set out in

Count VII of her COMPLAINT, the fact remains that Dobbins' response to the

USDA's summary judgment motion makes <u>absolutely no argument</u> respecting the

fact her "general" retaliation claim set out in Count III of her COMPLAINT failed to

survive scrutiny under *McDonnell Douglas*. Given this deafening silence, the

district court acted well within its discretion and the prevailing law in concluding:

> It is . . . unclear what her allegations regarding retaliation
> are based on and because she offers no response to
> argument [regarding the retaliation claim], there is no
> clarification of any sort. The Court, therefore, finds that
> Dobbins has abandoned her claim in Count 3 for retaliation.

App.[III], at 680, R.Doc. 45, at 10.

29

Appellate Case: 25-1465     Page: 38     Date Filed: 12/15/2025 Entry ID: 5588190

As previously noted herein, this Court likewise has repeatedly found arguments abandoned in such circumstances, concluding that "a party cannot assert arguments that were not presented to the district court in opposing summary judgment in an appeal contesting an adverse grant of summary judgment." *Jacam Chem. Co. 2013, LLC v. Shepard*, 101 F.4th 954, 962 n.4 (8th Cir. 2024) (*quoting Cole v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 533 F.3d 932, 936 (8th Cir. 2008)). Having ignored her supposed retaliation claim in briefing before the district court, simple fundamental fairness dictates that Dobbins not be allowed to resurrect her claim on appeal.

### b. Alternately, the summary judgment record does not establish a legally viable claim of retaliation under *McDonnell Douglas*.

As noted, before the district court, the USDA alternatively argued that application of the *McDonnell Douglas* framework mandated an entry of summary judgment on Dobbins' retaliation claim set out in Count III of her COMPLAINT. App.[I], at 47-48, R.Doc. 16, at 8-9.  In light of Dobbins' apparent abandonment of her retaliation claim, the district court did not address the USDA's alternative argument. Nonetheless, the summary judgment record supports the district court's entry of judgment in favor of the USDA on this alternative basis.[19]

---

[19]    This Court "may affirm a judgment on any ground supported by the record." *Weisman v. Barnes Jewish Hosp.*, 139 F.4th 945, 955 (8th Cir. 2025).

30

The *McDonnell Douglas* analysis for retaliation operates similarly to its application in discrimination claims and the USDA will not repeat its analysis set out in the disparate treatment section of this brief except to note that Dobbin's retaliation claim fails the *McDonnell Douglas* analysis for the same reasons that her disparate treatment disability discrimination claim fail. As with Dobbins' claim of disparate treatment disability discrimination based on the issuance of the July 21, 2022 NOTICE OF PROPOSED REMOVAL and the September 1, 2022 NOTICE OF PAID ADMINISTRATIVE INVESTIGATIVE LEAVE, Dobbins' claim of retaliation based on these two events is also subject to summary judgment due to a lack of a causal connection and a failure to show pretext. But any claim of retaliation by Dobbins is further undermined by other requirements for a viable retaliation claim.

The *prima facie* case for actionable retaliation includes a requisite showing that the plaintiff engaged in EEO protected activity prior to any alleged retaliatory actions being taken. *Cf. Martinez-Medina v. Rollins*, 144 F.4th 1091, 1099 (8th Cir. 2025) (to establish a viable claim of retaliation, a plaintiff must "explain how any of the [adverse employment] acts were done as retaliation for her prior EEO activity"). But, in this case, the summary judgment record identifies no prior EEO protected activity. Indeed, when the USDA administratively investigated Dobbins' claim of retaliation, it showed that Dobbins' claim of retaliation was based only on "current EEO activity." Aplee. App. at 1, R.Doc. 1-1, at 3.

31

Appellate Case: 25-1465    Page: 40    Date Filed: 12/15/2025 Entry ID: 5588190

Similarly, in her COMPLAINT filed with the district court, Dobbins identified no EEO protected activity that predated the issuance of the subject proposed removal and notice of administrative leave. Instead, Dobbins only alleged that in December of 2021 she "requested forms from the EEO office to file a complaint of discrimination against [Mr.] Parr and the Agency and reached out to the EEO office informally [but Dobbins] decided against completing the EEO process at that time." App.[I], at 6, R.Doc. 1, at 6.  But merely visiting an employer's EEO office – even when "one reason for [the] visit to the EEO counselor was to explore EEO options" – is not a protected activity.  *Cf. Brower v. Runyon*, 178 F.3d 1002, 1006 (8th Cir. 1999).

Moreover, even if Dobbins could satisfy the "prior protected activity" requirement, her *prima facie* claim for retaliation still fails because she cannot establish a temporal-based causal connection between her one-time visit to the EEO office in December of 2021 and the USDA's subsequent decision (by Mr. Parr) to propose her removal in July of 2022. The seven-month separation in time between the two events effectively destroys any claim of a causal connection. As recently explained by this Court:

> [Plaintiff] argues that being demoted three months after filing a discrimination claim "could cause a trier of fact to raise eyebrows" because she had been performing the job for more than three years. But that temporal proximity alone does not support an inference of retaliation.

32

Appellate Case: 25-1465     Page: 41     Date Filed: 12/15/2025 Entry ID: 5588190

*Brown v. Conagra Brands, Inc.*, 131 F.4th 624, 627-28 (8th Cir. 2025).  *See also*

*Parker v. United States Dept. of Agric.*, 129 F.4th 1104, 1114 (8th Cir. 2025) (a

court "[g]enerally . . . requires more than a mere temporal connection in order to

infer causation"). In this case, Dobbins' reliance on the seven-month gap between

her visit to the EEO office and the USDA's decision to propose her termination is

wholly and legally insufficient under the Court's precedent to satisfy a *prima facie*

case of retaliation.

> This Court has recognized temporal proximity between
> protected activity and an adverse employment action can
> contribute to establishing causation.  However, the
> greater the passage of time between the protected
> conduct and the adverse action, the weaker the inference
> of retaliation becomes.  <u>The inference vanishes altogether
> when the time gap is measured in months</u>.

*Wagner v. Scheirer*, 2025 WL 502139, at *4 (8th Cir. Feb. 14, 2025) (*emphasis

added*) (*citations and some internal punctuation omitted*).

Furthermore, even if the Court finds that the summary judgment record

establishes prior protected activity and the Court deems that the seven-month gap

does not prevent Dobbins from establishing the causal connection necessary for her

*prima facie* case, Dobbins' retaliation claim faces a further impediment – there is

no evidence in the summary judgment record that the initial decisionmaker for the

USDA (Mr. Parr) even was aware of Dobbins' visit to the EEO office when he

made the decision to propose her removal.  As explained by this Court:

33

Appellate Case: 25-1465     Page: 42     Date Filed: 12/15/2025 Entry ID: 5588190

> In some cases, [a] claimant's protected status is obvious and it is reasonable to assume the employer was aware of such status, for example, if a woman is nine months pregnant with a protruding stomach she makes no attempt to conceal, awareness can be presumed. . . . In [other] cases of discrimination based on a protected status that is not necessarily obvious . . . the employee must show that the employer was sufficiently aware of the employee's status to have been capable of discriminating based on it.

*Hunter v. United Parcel Serv., Inc.*, 697 F.3d 697, 703 (8th Cir. 2012). *See also*

*Schottel v. Nebraska State Coll. Sys.*, 42 F.4th 976, 983 (8th Cir. 2022) (no *prima*

*facie* case where plaintiff "fail[ed] to demonstrate that [an official with the

employer], as the decision-maker responsible for the investigation that led to her

termination, had any awareness of [plaintiff's] protected activity when he began

the investigation").

Even if Dobbins had not otherwise abandoned her retaliation claim set out in

Count III of her COMPLAINT, the summary judgment record decidedly establishes

that such a claim cannot have survive analysis under *McDonnell Douglas*. As such,

the district court's judgment in favor of the USDA is sustainable on appeal on this

alternative ground.

Appellate Case: 25-1465    Page: 43    Date Filed: 12/15/2025 Entry ID: 5588190

**4.      The district court ruled properly and did not err in entering summary judgment in favor of the USDA on Dobbins' claim of wrongful discharge asserted in Count IV of her COMPLAINT in that:**

**a.      Dobbins failed to exhaust administrative remedies for any wrongful discharge claim.**

The district court found Dobbins' claim in Count IV of her COMPLAINT that she was wrongfully discharged was not included in Dobbins' administrative complaint and was not investigated by the USDA. App.[III], at 681-83, R.Doc. 45, at 11-13. The district court thus reasoned Dobbins "failed to exhaust administrative remedies regarding her wrongful discharge claim." App.[III], at 683, R.Doc. 45, at 13. The district court based its conclusion on alternative grounds.

First, the district court found that Dobbins' claim of a wrongful discharge was not "like or reasonably related"[20] to her exhausted claim regarding the issuance of the July 21, 2022 NOTICE OF PROPOSED REMOVAL. App.[III], at 682, R.Doc. 45, at 12. While the USDA believes that the district court's reasoning was correct and should be the law, it does acknowledge that the district court's analysis is arguably in conflict with the Court's recent opinion in *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894 (8th Cir. 2024).

---

[20]      "The exhaustion requirement may be satisfied if the civil claim grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Slayden v. Ctr. for Behav. Med.*, 53 F.4th 464, 468 (8th Cir. 2022) (*quoting Fanning v. Potter*, 614 F.3d 845, 852-53 (8th Cir. 2010)).

Appellate Case: 25-1465      Page: 44      Date Filed: 12/15/2025 Entry ID: 5588190

In *Ringhofer,* this Court found that two employees terminated for refusing COVID-19 vaccinations adequately exhausted administrative remedies for their termination where the employees' administrative complaints asserted a claim of discrimination based on the adoption of the employer's vaccination policy (the guidance to which made the employees' later termination "inevitable"). *Id*. at 899. Given the guidance for employees refusing vaccinations, this Court concluded:

> An EEOC complaint need not specifically articulate the precise claim. The EEOC charge must provide information that would give the employer notice of the subject matter of the charge and identify generally the basis for a claim. Once [the employer] received [the employees'] EEOC charges [challenging the vaccination policy], it had notice of an unlawful termination claim.

*Id*. (*cleaned up*). Although the *Ringhofer* decision was not cited before the district court (nor is it cited in Dobbins' CORRECTED BRIEF OF APPELLANT), the logic of the Court's decision seemingly supports a finding that exhausting a claim for a proposed removal would also put an employer on notice that the employee was also making a wrongful discharge claim when the employee later was removed based on the proposal. But even if the district court's reasoning regarding its application of the "like or reasonably related" analysis was erroneous, its alternative ruling – unaddressed by Dobbins – supports summary judgment on Dobbins' claim of a wrongful termination in Count IV of her COMPLAINT. Simply put, Dobbins did not plead a viable exhausted claim of retaliation.

36

As explained by the district court, in Count IV of her COMPLAINT, Dobbins plead "a claim for wrongful discharge [by] stat[ing] that she was wrongfully discharged because of her race and retaliation." App.[III], at -681, R.Doc. 45, at 11 (*referencing* App.[I], at 12, R.Doc. 1, at 12) (*emphasis added*). As flatly noted by the district court, "race was not a basis in Ms. Dobbins's administrative complaint and was not part of the investigation." App.[III], at 683, R.Doc. 45, at 13. And, as previously briefed herein, Dobbins waived all claims of retaliation by failing to argue for retaliation in her summary judgment pleadings before the district court – both by her explicit concessions and by her complete failure to address retaliation arguments. Thus, insofar as Dobbins raised wrongful discharge, she plead only that her removal was based on race and retaliation. The former basis was unexhausted and the latter basis was abandoned by Dobbins before the district court.

> **b.     Alternately, the summary judgment record does not establish a legally viable claim of wrongful discharge based on retaliation that survives summary judgment under *McDonnell Douglas.***

In its motion for summary judgment, in addition to arguing that Dobbins had not exhausted her wrongful discharge claim, the USDA further asserted:

> Even if the claim had been properly exhausted it would fail. The only basis pleaded for what Dobbins terms "wrongful discharge" is violation of . . . the Rehabilitation Act [disability]. In either event, it would be evaluated under the *McDonnell-Douglas* burden shifting framework, and as discussed . . . the evidence in the record reflects that the

37

Appellate Case: 25-1465     Page: 46     Date Filed: 12/15/2025 Entry ID: 5588190

> proposal to remove Dobbins was based on an extensively documented history of Dobbins' failures to properly request leave and appear for work when scheduled.

App.[I], at 52, R.Doc. 16, at 13. Inasmuch as the district court found that Dobbins had not exhausted her wrongful discharge claim, it did not reach the issue of whether Dobbins' claim that her termination was in retaliation for prior EEO activity was meritorious. But for the same reasoning set out in the USDA's discussion of retaliation herein, the summary judgment record establishes that any wrongful discharge claim – even if properly exhausted and plead by Dobbins – fails scrutiny under *McDonnell Douglas*. As such, the district court's judgment on Count IV of the COMPLAINT is sustainable on appeal on this alternative ground.

**5. The district court ruled properly and did not err in entering summary judgment in favor of the USDA on Dobbins' claim of failure-to-accommodate asserted in Count V of her COMPLAINT in that Dobbins fails to exhaust administrative remedies for such a claim.**

Dobbins' administrative complaint makes utterly no mention of Dobbins needing an accommodation, requesting an accommodation, or being denied an accommodation. App.[II], at 283-84, R.Doc. 16-11, at 1-2. Further, the ensuing investigation by the USDA did not examine or consider any claims involving any alleged failure to accommodate Dobbins. Aplee. App. at 1-28, R.Doc. 1-1, at 3-30. Moreover, in her COMPLAINT, the only allegation made by Dobbins relating to any accommodation request and/or denial was Dobbins' vague contention:

Appellate Case: 25-1465    Page: 47    Date Filed: 12/15/2025 Entry ID: 5588190

> Plaintiff sought a reasonable accommodation through the Agency and provided them with the medical documentation and materials required. Defendant Parr, her supervisor, and the Agency never engaged in [t]he interactive process as required although he was contacted by the Reasonable Accommodation office on September 7, 2021. No reasonable accommodation was ever put into place and no interactive process occurred.

App.[I], at 5, R.Doc. 1, at 5. Based on this summary judgment record, the district court properly concluded that "Dobbins did not administratively exhaust her failure to accommodate claim." App.[III], at 685, R.Doc. 45, at 15.

In reaching its conclusion, the district court rejected Dobbins' contention (repeated in her CORRECTED BRIEF OF APPELLANT) that because there is an ongoing obligation for an employer to accommodate an employee's disability, a failure to accommodate is a "continuing violation" that may be timely raised at any point. But even accepting that an employer has a continuing duty to accommodate, there is no failure-to-accommodate exception to the exhaustion requirement. The issue here is not whether Dobbins raised her failure-to accommodate claim in a timely or untimely manner; rather, the issue is that Dobbins did not raise at all a failure-to accommodate claim administratively. *Cf. Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015) ("Although we have often stated that we will liberally construe an administrative charge for exhaustion of remedies purposes, we also recognize that 'there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made.").

Appellate Case: 25-1465    Page: 48    Date Filed: 12/15/2025 Entry ID: 5588190

# IX. Conclusion

For the reasons set out herein, appellee Brooke L. Rollins, in her official capacity as the Secretary of Agriculture, respectfully requests that the Court affirm the final judgment of the district court that was entered on the bases of its prior entry of an order granting summary judgment to the USDA.

Respectfully submitted,

R. Matthew Price
United States Attorney

By    */s/ Jeffrey P. Ray*

Jeffrey P. Ray
First Assistant United States Attorney
& Chief, Civil Division
Missouri Bar No. 35632
Eighth Circuit Admission No. 95-0380

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
(816) 426-3130
FAX: (816) 426-3165
Jeffrey.Ray@usdoj.gov

ATTORNEYS FOR APPELLEE BROOKE L. ROLLINS, SECRETARY OF THE DEPARTMENT OF AGRICULTURE

40

# X. Certificate of compliance

Pursuant to 8TH CIR. R. APP. P. 28A(h)(1)-(3), and FED. R. APP. P. 28(a)(10), 32(a)(5)(a), 32(a)(7)(B)(i), 32(g)(1), the undersigned First Assistant United States Attorney hereby certifies that the forgoing BRIEF FOR APPELLEE complies with the Court's technical requirements for electronic versions of appellate briefs, including complying with the applicable type-volume limitation in that:

> The BRIEF FOR APPELLEE was prepared utilizing the Word application on Microsoft Office 365 software,
>
> The electronic version of the BRIEF FOR APPELLEE is in a single document file, has been scanned for viruses and is virus-free, is in Portable Document Format ("*.pdf*") and has been converted to *.pdf* document from the original Word file using Adobe Acrobat Pro DC software,
>
> The BRIEF FOR APPELLEE contains 9,722 words[21] as verified with the Word application on Microsoft Office 365 software, and
>
> The BRIEF FOR APPELLEE was prepared utilizing 14-point or larger proportionally spaced "Times New Roman" typeface.

*/s/ Jeffrey P. Ray*
Jeffrey P. Ray
First Asst. U.S. Attorney/Civil Chief

---

[21]    The word count excludes the corporate disclosure statement, table of contents, table of citations, statement with respect to oral argument, and certifications of counsel.  FED. R. APP. P. 32(f).

Appellate Case: 25-1465    Page: 50    Date Filed: 12/15/2025 Entry ID: 5588190

## XI. Certification of electronic filing of the BRIEF FOR APPELLEE

Pursuant to 8TH CIR. R. APP. P. 28A(a), the undersigned First Assistant United States Attorney hereby certifies an electronic version of the foregoing BRIEF FOR APPELLEE was filed with Clerk of the Court using the Court's CM/ECF system on this 15th day of December, 2025.

*/s/ Jeffrey P. Ray*
Jeffrey P. Ray
First Asst. U.S. Attorney/Civil Chief

42

Appellate Case: 25-1465    Page: 51    Date Filed: 12/15/2025 Entry ID: 5588190

## XII. Certification of mailing of paper copies of the BRIEF FOR APPELLEE

The undersigned First Assistant United States Attorney hereby certifies that ten (10) true and correct paper copies the foregoing BRIEF FOR APPELLEE were sent to the office of the Clerk of the Court in compliance with the provisions of FED. R. APP. P. 25(a)(2)(A)(i) and 8TH CIR. R. APP. P. 28A(d), and that one true and correct paper copy of the foregoing BRIEF FOR APPELLEE was placed in the United States first class mail, postage prepaid, addressed to:

Rebecca Randles
RANDLES & MATA
851 NW 45th Street, Suite 310
Kansas City, MO. 64116

ATTORNEYS FOR APPELLANT
DEIDRE DOBBINS

on this _____ day of December, 2025.[22]

Jeffrey P. Ray
First Asst. U.S. Attorney/Civil Chief

---

[22] The mailings of the paper copies of the BRIEF FOR APPELLEE to the appellant and the Clerk of the Court are being completed within five days of the receipt of notice from the Clerk of the Court that the electronic version of the BRIEF FOR APPELLEE has been reviewed and filed. 8TH CIR. R. APP. P. 28A(d).

Appellate Case: 25-1465    Page: 52    Date Filed: 12/15/2025 Entry ID: 5588190